IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 4:CV-06-1986 |
| Plaintiff, : | |
| : | (Judge McClure) |
| v. : | |
| : | |
| PHILIP J. SAWICKI and : | |
| LISA M. SAWICKI : | |
| : | |
| Defendants. : | |

**<u>MEMORANDUM</u>**

June 18, 2007

**BACKGROUND:**

    Before the court is plaintiff's motion for summary judgment requesting we foreclose and sell property subject to a defaulted mortgage dated and acknowledged by the defendants.  In their answer to plaintiff's complaint, defendants admit responsibility for the mortgage, but deny being in default.  Instead, they assert plaintiff refuses to accept the payments that they have offered.  Defendants also challenge the full amount allegedly owed under the mortgage.  After overcoming several procedural deficiencies, plaintiff filed a proper summary judgment motion on May 15, 2007, to which defendants have failed to reply.  For the following reasons, we will grant plaintiff's motion for summary judgment.

**DISCUSSION:**

## I. Standard of Review

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). When the moving party bears the burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of material facts to the contrary. National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). If the moving party does not meet this burden, the court must deny summary

judgment even if the nonmoving party does not produce any opposing evidence. <u>Id.</u>

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains.  <u>Matushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact.  <u>Celotex</u>, 477 U.S. at 32; <u>Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.</u>, 172 F.3d 238, 252 (3d Cir. 1999).  In evaluating a motion for summary judgment the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party.  <u>Am. Flint Glass Workers Union v. Beaumont Glass Co.</u>, 62 F.3d 574, (3d Cir. 1995).

## II.  Statement of Facts

Pursuant to Local Rule 56.1, plaintiff filed a statement of material facts to which it contends there is no genuine issue to be tried.  Because defendants failed to oppose these facts, they are deemed admitted.  <u>See</u> L.R. 56.1.  On or about January 24, 1995, the defendants obtained a Rural Housing Loan from the United States through the United States Department of Agriculture for the sum of

$86,280.00.  That same day the defendants executed and delivered to the plaintiff a promissory note for the same amount.  To secure the loan, the defendants executed and acknowledged a real estate mortgage that mortgaged to the plaintiff property located at 2481 Clarkson Road, Factoryville, PA 18419.  Plaintiff alleges that defendants are in default and currently owe $132,571.22 for the property, which includes not only the principal balance and unpaid interest, but also includes interest recapture, attorney's fees, late fees and costs.

### III.  Analysis of Summary Judgment Motion

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation."  Chemical Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995).  Defendants concede the existence of the mortgage in question and their resulting obligation, but dispute that they are in default.  They assert in their answer that they have attempted to make payments to the plaintiff, but the plaintiff has refused to accept these payments.  In response, plaintiff argues that defendants have not tendered the full amount required under the loan as they have done six previous times.  Plaintiff has provided sufficient evidence of default by attaching to its complaint a notice of intention to foreclose sent to the defendants in which plaintiff indicated that defendants were in monetary default.  Defendants, on the other hand, have not

provided any evidence to establish they are not in default or to otherwise create a genuine issue of material fact sufficient to defeat plaintiff's motion for summary judgment.

## IV. Conclusion

Because plaintiff has established the existence of an obligation secured by a mortgage and a default on that obligation, we will grant plaintiff's motion for summary judgment. An appropriate order follows.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 4:CV-06-1986 |
| Plaintiff, : | |
| : | (Judge McClure) |
| v. : | |
| : | |
| PHILIP J. SAWICKI and : | |
| LISA M. SAWICKI : | |
| : | |
| Defendants. : | |

**<u>ORDER</u>**

AND NOW, this 18th day of June, 2007, upon consideration of plaintiff's Motion for Summary Judgment, it is:

ORDERED:

1. That plaintiff's motion for summary judgment is granted. Judgment is entered in favor of plaintiff and against defendants in the amount of $132,571.22 as follows: Principal in the amount of $86,477.06; plus interest accruing through August 18, 2006, in the amount of $3,316.94; plus Interest Credit Subject to Recapture in the amount of $38,009.30; plus attorney fees and costs in the amount of $5,223.85; plus late charges of $38.82, less a credit of $494.75 for escrow credit; plus interest of $18.95 per day from August 19, 2006 to the date of any Marshal's Sale together with costs for service by U.S. Marshal.

2. That the promissory note and mortgage between plaintiff and defendants are foreclosed as to the real property described therein.  In accordance with Section 204(1) of the National Housing Act there is no right of redemption in the mortgagor or any other person.

3. That the real property described therein sold according to the following:

(a)  The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property specified in the mortgage between plaintiff and defendants for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the country and judicial district where the real estate is situated; plaintiff may advertise a short description of the property rather than a complete legal description.

(b) Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder.  The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the

property may be re-advertised and sold by the Marshal without further order of the court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured.  The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps.  If plaintiff is not the successful bidder, plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

   (c)  Plaintiff, United States of America or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises.

   (d)  Motion for Confirmation of the public sale shall be made by the Marshal or the plaintiff to the court 30 days after the date of sale.

  4.  That upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of

further Order of this court.

5.  That plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6.  That a true copy of this Order and decree shall be delivered to the United States Marshal by the clerk.

7.  That jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

BY THE COURT:

   s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge